UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ROBERT Z. WHIPPLE, III,

        Plaintiff,

v.                                                                    CIVIL ACTION NO. 5:24-cv-00040

BUREAU OF PRISONS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion to Set Aside Order Adopting PF&R and Dismissing Complaint [ECF 26], filed November 21, 2024.

### I.

On January 24, 2024, Plaintiff filed a pro se Verified Complaint [ECF 2] against the federal Bureau of Prisons ("BOP"). The case was referred to Magistrate Judge Omar J. Aboulhosn for findings of fact and a recommendation for disposition. [ECF 3]. On May 23, 2024, the BOP filed a Motion to Dismiss [ECF 18], contending the action was moot.

On October 9, 2024, Magistrate Judge Aboulhosn filed his proposed findings and recommendation ("PF&R") [ECF 23], recommending dismissal of Plaintiff's Complaint. The Court adopted the PF&R without objection [ECF 24] on November 7, 2024. The case was then dismissed. [ECF 25].

Plaintiff now moves to set aside the Judgment [ECF 25] and extend the time to file objections to the PF&R. He also requests that the Court order copies of certain documents be sent to his current address. [ECF 26 at 2].

## II.

Rule 60 of the *Federal Rules of Civil Procedure* is the applicable provision. It "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b) provides the court may relieve a party from a final judgment for any of the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The sixth, "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

## III.

Plaintiff contends he notified jail officials of his change of address on or about June 17, 2024. He requested it be forwarded to the Court for docketing. [ECF 26 at 1]. He contends he never received any filings from June 2024 onward, which would have included the Government's

reply [ECF 22], the PF&R, and the Court's Order adopting the PF&R and dismissing the case. [*Id.*].

Plaintiff omits reference to the April 9, 2024, authorization permitting him to e-file. [ECF 11]. The Order provided "Plaintiff [would] receive electronic notification of any filings in this case, in lieu of mailings thereof through First Class Mail." [*Id.* at 2]. The missing Notice of Change of Address is thus immaterial. Accordingly, the Court **DENIES** the Motion to Set Aside Judgment [**ECF 26**].

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to Plaintiff at the return address specified in his motion, counsel of record, and any unrepresented party.

ENTER:　　December 26, 2024

Frank W. Volk
Chief United States District Judge

3